Submitted September 19; in Case No. 17CR43550, affirmed; in Case Nos. 17CR30472 and 14C40932, reversed and remanded October 30, 2019

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

AMANDA JUNE CUNNINGHAM,
*Defendant-Appellant.*

Marion County Circuit Court
17CR30472, 14C40932, 17CR43550;
A166938 (Control), A166939, A166940

451 P3d 270

David E. Leith, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Erica Herb, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Leigh A. Salmon, Assistant Attorney General, filed the brief for respondent.

Before Hadlock, Presiding Judge, and DeHoog, Judge, and Mooney, Judge.

PER CURIAM

In Case No. 17CR43550, affirmed. In Case Nos. 17CR30472 and 14C40932, reversed and remanded.

**PER CURIAM**

In this consolidated appeal, defendant appeals a judgment of conviction for unlawful delivery of methamphetamine (Case No. 17CR43550); a judgment of conviction for unlawful possession of methamphetamine (Case No. 17CR30472); and a judgment of probation revocation (Case No. 14C40932). She raises a single assignment of error in each of the three cases.

In her first assignment of error, defendant asserts that the trial court erred in denying her motion to suppress evidence found in her car during an inventory in Case No. 17CR43550. We reject that assignment of error without discussion.

In her second assignment of error, defendant contends that the court erroneously denied her motion to suppress evidence that was discovered during an unlawful search of her person in Case No. 17CR30472. The trial court ruled that the search was unlawful but agreed with the state's "inevitable discovery" argument and denied defendant's motion on that basis. The state concedes, and we agree, that the record does not support the trial court's ruling. Accordingly, in Case No. 17CR30472, we reverse and remand.

Finally, in her third assignment of error, defendant challenges the trial court's revocation of her probation in Case No. 14C40932. As the state acknowledges, the court revoked defendant's probation in that case, in part, based on defendant's conviction for possession of methamphetamine in Case No. 17CR30472. The trial court did not indicate whether it would have revoked probation in the absence of that conviction. Therefore, we reverse and remand the probation violation judgment for the trial court to reconsider its decision in light of our reversal in Case No. 17CR30472. *State v. Milnes*, 256 Or App 701, 711, 301 P3d 966 (2013) (reversing and remanding for reconsideration a probation violation judgment predicated in part on conviction overturned on appeal).

In Case No. 17CR43550, affirmed. In Case Nos. 17CR30472 and 14C40932, reversed and remanded.